IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:11-CV-212-MJH

SILAS MOBLEY,                          )
                                       )
        Plaintiff,                     )
                                       )
                                       )
    v.                                 )
                                       )
                                       )        **ORDER**
ANNE M. TOMPKINS, ROBERT               )
CONRAD, RICHARD CULLER,                )
DAVID A. KEESLER, and JAMES            )
BRYANT,                                )
                                       )
        Defendants.                    )

Plaintiff, Silas Mobley, is currently in the custody of the Federal Bureau of Prisons serving a life sentence following conviction, by a jury, on federal drug charges. See United States v. Mobley, No. 3:09-CR-189-2 (W.D.N.C.). Plaintiff appealed his conviction, and the appeal is currently pending in the Fourth Circuit of Appeals. See United States v. Mobley, No. 11-4066 (4th Cir. filed Apr. 12, 2011).

On May 2, 2011, plaintiff instituted this civil action upon filing a pro se complaint and an application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff names the following as defendants: United States District Judge Robert Conrad; United States Magistrate Judge David A. Keesler; United States Attorney Anne M. Tompkins; James Bryant, an agent

with the Federal Bureau of Prisons; and Richard Culler, the attorney who defended Mobley in his criminal action. Plaintiff asserts that the "[d]efendants, while acting under color of law and statute kidnapped and unlawfully restrained, convicted and imprisoned Plaintiff in a colorable judicial court" (DE #1 at 3) and that defendants conspired "to deprive Plaintiff of his natural, and clearly established rights, privileges, and immunities secured and protected by the Constitution of the United States" (DE #1 at 33). Plaintiff seeks monetary damages, criminal prosecution of the federal defendants, impeachment of the federal defendants, as well as plaintiff's release from custody and the return of property forfeited as part of the criminal proceedings against plaintiff.

Because plaintiff is "a prisoner seek[ing] redress from a[n] . . . officer or employee of a governmental entity," his complaint is subject to review pursuant to 28 U.S.C. § 1915A. "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint --

> (1) is frivolous, malicious or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In order to survive review under § 1915A, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[U]nadorned, the defendant-unlawfully-harmed-me accusations" do not suffice. Id. Rather, a claim is facially plausible only where it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Where the facts alleged "do not permit the court to infer more than the mere possibility of misconduct," the claim falls short of the plausibility requirement. Id. at 1950.

Plaintiff's complaint asserts only conclusory allegations that the defendants violated his constitutional rights. As a consequence, it fails to state a claim that is plausible on its face and should be dismissed.

Moreover, plaintiff's complaint is an attack upon his prior criminal conviction. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by [an

authorized] state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because plaintiff's conviction has not been invalidated, his complaint attacking the conviction must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff's application to proceed without prepayment of fees is GRANTED, subject to the terms and conditions set forth in the order entered by the Clerk of this court on September 27, 2011.

For the reasons hereinabove set forth, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. All outstanding motions are DISMISSED as moot. The Clerk is directed to close this case.

This  30th  day of January 2012.

MALCOLM J. HOWARD
Senior United States District Judge for
the Eastern District of North Carolina
sitting by designation

At Greenville, NC
#31

4